UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEROME LENDON PAISLEY,

                    Petitioner,

vs.                              Case No.  2:07-cv-370-FtM-29DNF
                                 Case No.   2:03-cr-74-FtM-29DNF

UNITED STATES OF AMERICA,

                    Respondent.
_____

## OPINION AND ORDER

_____This matter comes before the Court on petitioner Kerome Lendon Paisley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1; Cr. Doc. #1)[1] filed on June 6, 2007.  Petitioner filed a Memorandum of Points and Authorities (Doc. #5) on June 26, 2007.  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. #6) on August 6, 2007.

**I.**

On June 25, 2003, a federal grand jury in Fort Myers, Florida returned a twelve-count Indictment (Cr. Doc. #39) naming petitioner Kerome Lendon Paisley (petitioner or Paisley) and four other defendants.  Petitioner was charged in Count One with conspiracy to

_____

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Doc.", and will refer to the underlying criminal case  as "Cr. Doc."

possess with intent to distribute 5 kilograms or more of cocaine; in Count Three with using and carrying a firearm and possession of a firearm in furtherance of a drug trafficking crime; and in Count Seven with possession of a firearm by a convicted felon.  After a jury trial petitioner was convicted of all three counts and sentenced to a total of 420 months imprisonment.  Petitioner's convictions and sentences were affirmed in <u>United States v. Paisley</u>, 178 Fed. Appx. 955 (11th Cir. 2006).  Petitioner has filed a timely motion under 28 U.S.C. § 2255 alleging claims of ineffective assistance of counsel.  The factual background was summarized in <u>Paisley</u>, 178 Fed. Appx. at 957-58.

## II.

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so.  <u>Massaro v. United States</u>, 538 U.S. 500 (2003).  The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).

-2-

A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Non-meritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**A.**

Petitioner alleges that his trial attorney provided ineffective assistance by compelling him to testify as a witness at

his trial.  Petitioner asserts that if he had not taken the stand as a witness there is a reasonable possibility that the trial and sentencing outcomes would have been different because the jury would not otherwise have become aware of his criminal history and made an adverse credibility decision.  Petitioner asserts that he adamantly requested not to testify, and if he had been properly counseled, he would not have taken the stand to testify on his own behalf.  (Docs. ## 1, p. 4; 5, pp. 8-10.)

It is clearly established that a criminal defendant has the right to testify on his own behalf.  Rock v. Arkansas, 483 U.S. 44, 49 (1987).  It is also clear that the decision whether or not to testify at trial belongs to the defendant, and defense counsel cannot compel a client to testify or to refrain from testifying.  United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992), cert. denied, 506 U.S. 842 (1992).  The issue is properly analyzed under the Strickland ineffective assistance of counsel standard.  Id.

The record reflects that petitioner knew he did not have to testify, since he was present in court during voir dire when the Court twice gave such an instruction to the potential jurors.  (Cr. Doc. #189, pp. 43, 81.)  Additionally, on the first day of trial petitioner heard his attorney tell the jurors during his opening statement that petitioner would be testifying on his own behalf (Cr. Doc. #189, p. 132) and heard him summarize the testimony he anticipated petitioner would give.  (Id. at 133-36.)  On the third

-4-

day of trial, petitioner heard his attorney tell the Court "Mr.
Paisley still indicates he wants to testify.  I have no other
witnesses besides that." (Cr. Doc. #191, p. 628.)  After the lunch
break on the fourth day of trial defense counsel called petitioner
to testify.  (Cr. Doc. #192, p. 743.)  Petitioner then testified at
some length consistently with his attorney's opening statement and
with innocence.  (Cr. Doc. #192, pp. 743-807.)  The Presentence
Report applied a two level upward adjustment for obstruction of
justice because petitioner testified falsely at trial, and
petitioner testified that he read the Presentence Report and
discussed it with his attorney.  (Cr. Doc. #199, p. 3.)  At the
sentencing hearing defense counsel made a lengthy objection to the
adjustment (Cr. Doc. #199, pp. 18-22), and after hearing from the
government the Court made detailed findings as to which portions of
petitioner's testimony the Court found were false.  (Cr. Doc. #199,
pp. 23-40.)  Petitioner then addressed the Court and re-iterated
the gist of his trial testimony, but never indicated he had been
compelled by his attorney to testify.  (Cr. Doc. #199, pp. 42-43.)

The Court finds that the record affirmatively refutes
petitioner's claim of ineffective assistance of counsel.
Petitioner knew he had a constitutional right not to testify, knew
his attorney had told the jury he would testify on his own behalf,
heard his attorney later tell the Court he still wanted to testify,
testified at length without hesitation, and failed to complain that
he had been compelled to testify when he received an enhancement

-5-

for perjury.  Additionally, petitioner has not established prejudice.  The fact that petitioner had a prior felony record was the subject of a stipulation (Gov. Exh. #33) since it was an element of the felon in possession of a firearm count.  None of the other defendants testified, and the only way petitioner could get his version before the jury was to testify.  Having presided over the trial, there is no doubt in the undersigned's mind that the verdicts would have been the same had petitioner not testified.

**B.**

Petitioner alleges that his trial attorney provided ineffective assistance by failing to strike a potential juror who was biased in favor of the government.  Petitioner asserts that this juror had been employed with the U.S. Immigration and Customs Service and had previously prosecuted cases with the Assistant U.S. Attorney prosecuting petitioner's case, and was therefore partial and biased.  Petitioner argues that this bias more likely than not spread throughout the jury room during deliberations.  (Docs. ## 1, pp. 6-7; 5, pp. 11-13.)

The record reflects that the only potential juror who matches petitioner's description was Mr. Weaver.  (Cr. Doc. #189, pp. 28-29.)  Petitioner's trial attorney exercised a preemptory challenge as to Mr. Weaver (Id. at 64), the Court excused Mr. Weaver as a juror (Id. at 66), and Mr. Weaver did not participate in the jury deliberations or verdict (Cr. Doc. #193, pp. 948-49).  Therefore,

the record establishes no ineffective assistance of counsel in regard to this issue.

## C.

Petitioner alleges that his trial attorney provided ineffective assistance by failing to oppose, argue and/or appeal an erroneous two-level enhancement as an organizer or leader under U.S. Sentencing Guidelines § 3B1.1(b). Petitioner asserts that he was not and could not have been an organizer or leader. (Docs. ## 1, p. 7; 5, pp. 14-15.)

The record reflects that petitioner's attorney did object at the sentencing hearing to the two-level enhancement as an manager/supervisor, but his objection was overruled (Cr. Doc. #199, pp. 12-18.) Additionally, counsel did raise this enhancement as an issue on appeal, but the Eleventh Circuit rejected the claim. Paisley, 178 Fed. Appx. at 963. Accordingly, there was no ineffective assistance of counsel.

## D.

Petitioner alleges that his trial attorney provided ineffective assistance by failing to investigate, oppose, brief, argue, and/or appeal petitioner's erroneous career offender designation, which was premised on unconstitutional prior state convictions. Petitioner asserts that in two of his prior convictions from 1996 he was appointed counsel but the attorney misinformed him that if he pled guilty he would receive probation

and "the sentence would not stamp a conviction of Paisley's criminal record." (Doc. #5, p. 16.)  This results, petitioner argues, in his guilty pleas being unknowing and involuntary and therefore unable to be considered in the career offender designation. (Docs. ## 1, pp. 8-9; 5, pp. 16-18.)

It is clear that counsel did not provide ineffective assistance in connection with the prior convictions.  It is well established that a federal criminal defendant cannot challenge his prior convictions which are used to enhance his sentence except for a conviction obtained in violation of the right to counsel. <u>Custis v. United States</u>, 511 U.S. 485 (1994).  Petitioner concedes that he was represented by an attorney, and therefore there was no basis for his attorney to challenge those convictions in federal court.

Accordingly, it is now

**ORDERED**:

1.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk shall place of copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of July, 2008.

_John E. Steele_
JOHN E. STEELE
United States District Judge

-8-

Copies:
AUSA Michelland
Kerome Lendon Paisley