```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                         CASE NO: 2:03-cr-74-JES-NPM

KEROME LENDON PAISLEY

_____

**<u>ORDER</u>**

This matter comes before the Court on defendant's Motion for Compassionate Release, 18 U.S.C. 3582(c)(1)(A) (Doc. #289) filed on August 23, 2022.  The government filed a Response in Opposition (Doc. #291) on September 8, 2022.  For the reasons set forth below, the motion is denied.

On June 25, 2003, a grand jury in Fort Myers, Florida returned an Indictment (Doc. #39) charging defendant and others with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count One), using and carrying a firearm during and in relation to a drug trafficking crime as charged in Count One (Count Three), and being a felon in possession of a firearm and ammunition (Count Seven).  Defendant proceeded to trial, and on September 16, 2003, the jury returned a Verdict (Doc #116) of guilty on Counts One, Three, and Seven.  On January 26, 2004, defendant was sentenced to a total term of 360 months of imprisonment on Count One, 120 concurrent months on Count Seven, and 60 months on Count Three to be served consecutively to term on

Counts One and Seven, followed by supervised release. (Doc. #136.) The convictions and sentences were affirmed on appeal, and defendant was later denied habeas relief. (Docs. ## 217, 231.)

On October 27, 2015, the Court appointed counsel to review whether defendant was entitled to a reduction of his sentence under Amendment 782 of the Sentencing Guidelines. (Doc. #265.) After the U.S. Probation Office issued a memorandum, and upon an unopposed motion, the Court granted a reduction to 292 months imprisonment on Count One, with the sentence on Count Seven remaining consecutive. (Doc. #270.) Defendant is currently 45 years old with a projected release date of October 23, 2028. Defendant has served over 75% of his sentence. (Doc. #291, p. 3.)

Defendant seeks compassionate release for extraordinary and compelling reasons based on his medical conditions and exposure to COVID-19. Defendant also seeks a reduction of sentence based on new caselaw. The Court discusses each in turn.

**(1) Compassionate Release**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." <u>United States v. Phillips</u>, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The applicable statute provides in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights **to appeal** a failure of the Bureau of Prisons to bring a

> motion on the defendant's behalf **or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).  Defendant states that he exhausted his administrative remedies by submitting a request to the Warden, and the government agrees that the deadline to respond has passed.  (Doc. #291, p. 6.)  Thus, the pertinent portion of the statute, as amended by the First Step Act, allows a court to modify a prisoner's sentence "in any case" if:

> (A) the court . . . upon motion of the defendant . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction. . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A)(i).  The "applicable policy statements issued by the Sentencing Commission" are found in Section 1B1.13 of the U.S. Sentencing Guidelines Manual (U.S.S.G.) Application

Notes. Section 1B1.13, Application Note 1, provides that "extraordinary and compelling reasons exist under" the following circumstances relevant here:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.
>
> . . .
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1. Defendant must also not be a danger to the safety of any other person or to the community. Id., §1B1.13(2). If there are such "extraordinary and compelling

reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors. United States v. Monaco, 832 F. App'x 626, 629 (11th Cir. 2020).

Defendant has two braces for his knee and ankle post-ACL surgery but does not indicate that he cannot provide self-care. Defendant is prescribed Meloxicam for chronic back pain. Defendant has twice contracted COVID-19, and he suffers from hypertension, hyperlipidemia, high cholesterol, arthritis, irregular heartbeat, frequent nose bleeding and frequent headaches. While in custody defendant has been offered a COVID-19 vaccine, but he refused. (Doc. #291, p. 3.) Defendant states that he refused the vaccine only because the medical staff could not confirm what effect it would have on his heart. (Doc. #289, p. 4; Doc. #297-1, p. 124.) The government notes that hypertension may be a risk factor, but it is not one of the medical conditions listed by the CDC as more likely to cause sickness from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Johnson, 849 F. App'x 908, 909 (11th Cir. 2021) (quoting United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)). The Court

finds that the medical conditions, alone or in combination, do not support a finding of an extraordinary and compelling reason for early release or a reduction in sentence.

Defendant notes that he would be immediately deportable as he is a convicted felon and non-citizen. But being illegally present in the country and subject to deportation does not weigh in defendant's favor in this motion.

The government argues that defendant poses a danger to the community based on prior convictions for an armed robbery and home invasion, and because defendant's van had multiple firearms, flex cuffs, and duct tape. While such circumstances weigh against defendant, the government does not indicate any disciplinary actions have been taken during defendant's incarceration. The Court therefore finds that defendant has not established an extraordinary and compelling reason for early release or a reduction in sentence.

### (2)  Changes in Case Law

Defendant argues that Rehaif v. United States, 139 S. Ct. 2191 (2019) announced a new substantive rule and applies retroactively. (Doc. #289, p. 7.) Such an argument, however, is untimely and, in any event, must be brought in a proceeding under 28 U.S.C. § 2255.

A one-year limitation applies to motions filed under Section 2255 "from the latest of. . . (3) the date on which the right

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. Rehaif was decided more than one-year prior to defendant's current motion and is therefore untimely.

Also, since defendant has already sought and been denied relief under 28 U.S.C. § 2255, he would have to obtain permission from the Court of Appeals to file a successive § 2255 motion. See 28 U.S.C. § 2255(h)[1]; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011). Defendant has not asserted that such certification has been received. In the absence of an order authorizing the undersigned to consider a second or successive motion, the motion for a reduction under Rehaif must be dismissed for lack of jurisdiction. Farris v. United States, 333 F.3d 1211,

---

[1] Section 2255(h) provides that a second or successive motion must be certified to contain:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

1216 (11th Cir. 2003); El-Amin v. United States, 172 F. App'x 942, 946 (11th Cir. 2006).

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Compassionate Release, 18 U.S.C. 3582(c)(1)(A) (Doc. #289) is **DENIED** and the Motion for relief pursuant to Rehaif included in the Motion is **DISMISSED**.

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of October 2022.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record